# UNITED STATES DISTRICT COURT

for

## WESTERN DISTRICT OF TENNESSEE

FILED BY _____ D.C.

05 AUG 24  PM 3: 15

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

**U. S. A. vs. RONALD TERRY**                     Docket No. _2:02CR20135-01_

## Petition on Probation and Supervised Release

  **COMES NOW** Willie S. Williams, Jr. , **PROBATION OFFICER OF THE COURT** presenting an official report upon the conduct and attitude of Ronald Terry, who was placed on supervision by the Honorable Samuel H. Mays, Jr., sitting in the Court at _Memphis, Tennessee_ , on the 7th day of February, 2003, who fixed the period of supervision at three (3) years* , and imposed the general terms and conditions theretofore adopted by the Court and also imposed Special Conditions and terms as follows:

1. The defendant shall participate as directed in a program (outpatient and/or inpatient) approved by the Probation Office for treatment of narcotic addiction or drug or alcohol dependency which may include testing for the detection of substance use or abuse. Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable by the Probation Officer.

2. The defendant shall participate as directed in a program of mental health treatment approved by the Probation Officer. Further, the defendant shall be required to contribute to the costs of such services for such treatment not to exceed an amount determined reasonable by the Probation Officer based on ability to pay or availability of third party payment and in conformance with the Probation Office's sliding scale for mental health treatment services.

3. The defendant shall not possess any firearms or dangerous weapons or explosives.

  * **Effective Date of Supervision: June 14, 2004.**

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

**(SEE ATTACHED)**

**PRAYING THAT THE COURT WILL ORDER** that a **WARRANT** be issued for Ronald Terry to appear before the Honorable Samuel H. Mays, Jr. to answer charges of Supervised Release violations.

**BOND:** _____

**ORDER OF COURT**

Considered and ordered this 23d day
of August, 20 05, and ordered filed
and made a part of the records in the above
case.

_____
U. S. District Judge Samuel H. Mays, Jr.

This document entered on the docket sheet in compliance
with Rule 55 and/or 32(b) FRCrP on 8-29-05

I declare under the penalty of perjury
that the foregoing is true and correct.

Executed
on August 19, 2005

_____
Senior United States Probation Officer

Place: Memphis, TN

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

THE DEFENDANT VIOLATED THE FOLLOWING CONDITIONS OF SUPERVISED RELEASE:

**The defendant shall not commit another Federal, state, or local crime.**

On June 2, 2005, Ronald Terry was the subject of a traffic stop by the Tennessee Highway Patrol on Interstate-40, near Camden, Tennessee. Mr. Terry presented an expired Tennessee Drivers License. There was also a temporary tag on the back window and an old tag in the trunk of the vehicle he had been operating. Mr. Terry was arrested and transported to the Benton County Jail. He was charged with Driving on a Suspended Drivers License, Improper Lane Change, and Violation of the Registration Law. A Bench Warrant was issued in the General Sessions Courts for Benton County Tennessee on August 17, 2005, after Mr. Terry failed to appear for a Court hearing.

On July 27, 2005, Memphis Police Officers, after responding to a residential shooting call, discovered a victim who had been shot in the lower back. The victim was transported to the Regional Medical Center in critical condition. During an interview with investigating officers at the hospital, the victim identified Ronald Terry through a photo line-up as the person responsible for shooting him. On July 28, 2005, Mr. Terry was located by police officers, taken into custody and charged with Criminal Attempt-First Degree Murder. Mr. Terry is set for a Preliminary Hearing on September 1, 2005, in Division 7 of the General Sessions Courts for Shelby County Tennessee. He is presently in custody, with bond set at $2,000,000.00.

**The defendant shall notify the Probation Officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer.**

Mr. Terry violated this condition by failing to report his June 2, 2005, arrest to the Probation Officer within the required seventy-two (72) hours.

VIOLATION WORKSHEET

1. **Defendant**     Ronald Terry (Address: 4118 Claudette Cove, Memphis, TN 3818)

2. **Docket Number (Year-Sequence-Defendant No.)**     2:02CR20135-01

3. **District/Office**     Western District of Tennessee (Memphis)

4. **Original Sentence Date**          02  / 07 /  2003
                                                    month     day      year

*(If different than above):*

5. **Original District/Office**

6. **Original Docket Number (Year-Sequence-Defendant No.)**

7. **List each violation and determine the applicable grade {see §7B1.1}:**

   | Violation{s} | Grade |
   |---|---|
   | • New criminal conduct of Driving on a Suspended License, Improper Lane Change, and Violation of the Registration Law. | C |
   | • New criminal conduct of Criminal Attempt-First Degree Murder. | A |
   | • Failure to notify the Probation Officer of June 2, 2005 arrest within the required seventy-two (72) hours | C |
   | • | |
   | • | |
   | • | |

8. **Most Serious Grade of Violation (see §7B1.1(b))**     A

9. **Criminal History Category (see §7B1.4(a))74**     II

10. **Range of imprisonment (see §7B1.4(a))**     | 15 - 21     months |

   18 USC §3583(e) authorizes a maximum sentence of 24 months

11. **Sentencing Options for Grade B and C Violations Only (Check the appropriate box):**

   { }     (a)If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

   { }     (b)If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

   { X}     (c)If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

**Mail documents to:  United States Sentencing Commission, 1331 Pennsylvania Avenue, N.W.
Suite 1400, Washington, D.C., 20004, Attention:  Monitoring Unit**

**Defendant** _____Ronald Terry_____

12.   **Unsatisfied Conditions of Original Sentence**

List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation {see §7B1.3(d)}:

Restitution ($) _____N/A_____     Community Confinement _____N/A_____

Fine ($) _____N/A_____     Home Detention _____N/A_____

Other _____N/A_____     Intermittent Confinement _____N/A_____

13.   **Supervised Release**

If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3{see §§7B1.3(g)(1)}.

Term: _____N/A_____ to _____N/A_____ years

If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment {see 18 U.S.C. §3583(e) and §7B1.3(g)(2)}.

Period of supervised release to be served following release from imprisonment: _____

14.   **Departure**

List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

15.   **Official Detention Adjustment {see §7B1.3(e)}:** _____ months _____ days

**Mail documents to:  United States Sentencing Commission, 1331 Pennsylvania Avenue, N.W.
Suite 1400, Washington, D.C., 20004, Attention:  Monitoring Unit**

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 70 in
case 2:02-CR-20135 was distributed by fax, mail, or direct printing on
August 29, 2005 to the parties listed.

Jennifer Lawrence Webber
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable Samuel Mays
US DISTRICT COURT